Moise, Post & Gardner, of Atlanta, Ga., for plaintiffs.

Robert P. McLarty, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

Predicating their suit upon United States Letters Patent 2,069,893, and reissue thereof, No. 21,053, plaintiffs seek to enjoin the defendant from infringing such letters patent by making, using and selling awnings embodying the patented inventions, and for an accounting for profits and damages. The plaintiff, Albert T. Matthews, is the alleged inventor, and the plaintiff, Thornton G. Graham, is the owner of a one-half interest in the patent.

**MATTHEWS et al. v. KOOLVENT METAL AWNING CO.**

**C. A. No. 2707.**

District Court, N. D. Georgia, Atlanta Division.

Feb. 21, 1945.

The defenses are a denial of the allegations of infringement, and assertion of the invalidity of the patent on three grounds: First, that Matthews is not the real inventor; second, that Matthews put his invention into public use more than two years before he filed his application for patent; and third, that Matthews exercised no inventive faculty but merely mechanical skill in producing the awning structure in view of the art as shown by patent to Stilwell of June 21, 1896, No. 564,413, and patent to Schwartzberg dated January 19, 1926, No. 1,570,089.

The patent in suit relates to ventilated awnings which are said to be a great improvement over previous types of canvas or solid awnings, in that in addition to furnishing shade, it provides a structure which permits the passage of air through the awning preventing the entrapment of heat, and also prevents the admission of rain except in very severe storms; and further, affords means for permitting the rain to drain longitudinally down the outer surface without going through the awning. The general nature of the construction of the awning is that of two rows of spaced slats or strips in staggered relationship whereby the open spaces between the slats of one row are covered by the slats or strips in the other row. The upper row of slats are attached to the top of battens or cross-members, and those of the lower row are attached to the bottom of such battens. Both the upper and lower rows are grooved so as to provide for the discharge of rain water, and rain falling between the upper slats is caught and discharged by the grooves on the lower slats.

The defendant is sued for infringement of the claims 3, 4, 5, 9 and 10 of the reissue patent.

Defendant's claim of no infringement is predicated upon what is contended to be a marked difference in construction and functional performance of the awnings manufactured by it. In the first place, instead of being constructed of wood, defendant's awning is constructed of metal, and its roof surface is composed of the lower row of spaced metal plates made with upstanding flanges to form panels, with a corresponding series of upper plates which are provided with depending flanges extending from their edges, and in the construction of defendant's awning these upstanding flanges and depending flanges

pass each other, but are so placed as that the flanges do not touch but provide a space for the circulation of some warm air around the flanges in a sidewise "s" shape, and also provides a "chimney" by which the heated air passes upward and along the panel and vent formed by the upper and lower slats, rising to the top of the awning and being there dispersed above the window.

Both the awning covered by the patent and the defendant's structure have triangular ends. The ends of the patented structure are made in the same manner as the top or roof, while the claimed infringing structure is made by sheets of metal which are placed at less than right angle to the building and thus so arranged as to prevent the entry of sun rays or water.

■ The defendant has failed to establish the invalidity of the Matthews patent. While I have some doubt that the awning structure rises to the height of an invention, though it is undoubtedly novel and useful, still the doubt is not sufficient to overcome the presumption of patentability arising from the issuance of the patent. In this case, while the defendant discusses at length references cited by the Examiner as anticipations, the court does not have the benefit of these in evidence for consideration. However, it is stated without dispute by the plaintiffs that these references were considered by Judge Wilson of the United States District Court at Fort Worth, Texas, in a suit where the invalidity of this same patent for want of invention was asserted, and he upheld the validity of the patent. This validity was also upheld in a proceeding before Judge Atwell in the United States District Court at Dallas, Texas. The two references plead as anticipation in this case do not overcome the presumption of patentability. Stilwell, No. 564,413, shows merely the old style shuttered window blinds with triangular slatted end structures, and hinged upon a frame which would permit the ends of the awning to be flattened against the wall when it was desired to have the shutters in the window in their usual shape. These shutters would not permit the dissipation of heat under the awning if the shutters were closed, or prevent the entry of direct sunlight and water if so opened as to permit the dissipation of heat. Schwartzberg, No. 1,570,089, relates to an improvement in ventilators. While this shows two rows

of staggered slats, in view of the nature thereof it is not deemed sufficient to anticipate the Matthews awning structure.

■ The defendant fails to show that Matthews was not the inventor of the structure for which he received a patent. It is disclosed by the evidence that the structure was Matthews idea and that he merely employed Turner as a wood worker to build the awning which he, Matthews, had conceived.

■ The defendant likewise fails to establish the invalidity of the patent upon the ground that the awning had been put into public use more than two years before Matthews filed his application for a patent. Undoubtedly the evidence shows that Matthews did have an awning constructed and placed upon one window of his home. However, the testimony is uncontradicted, and it appears reasonable, that Matthews was experimenting and observing the operation of the awning with a view to the necessity for improvement of the manner in which it would serve the purpose intended. He testifies that this was the purpose in placing the awning upon the window of his home on or about September 8, 1930. The application for the patent was filed December 7, 1932. The period of September 8th to December 7th is not an unreasonable period for experimentation under the circumstances here disclosed. That the awning was so used as an experiment and test is further borne out by the fact that it was not until August of 1932 that Matthews had a sufficient number of awnings of the same type made for each of the windows of his home.

The defendant has failed to establish the invalidity of the patent.

■ In determining the question of infringement it is necessary to bear in mind the nature and scope of the awning structure patented by Matthews. While the defendant has failed to show the invalidity of the patent, it is manifest from the nature of the invention that the claims of the patent are not entitled to a broad construction. Seeking to summarize, the claims 3, 4 and 5 of the application relate to the use of staggered slats in an upper and lower series which are fastened in right angular relation with two spaced end rails so that the upper and lower slats form horizontal air passages and longitudinal drains, together with means for mounting the awning so that rain water will discharge along its lower edge. Claim 4 requires the awning to be inclined downwardly to permit drainage far removed from the wall, and claim 5 calls for trough shaped slats in the lower series being fastened in concave positions with end rails. It appears that the means for mounting as claimed is certainly not invention as it embraces merely a method of mounting which has been always used to hold in place any series of slats, such as on shutters or gates. It really means no more than battens. Nor does any invention inhere in providing longitudinal drains, nor that the slats in and of themselves would prevent the entry of direct sunlight. Plainly, the claim of invention can extend no further than the arrangement of the slats, one on the upper side of a batten and one on the lower, and so spaced that the width of the batten forms a horizontal air passage, with the added feature that the slats are grooved so as to carry water better than a smooth plank would. As to the spacing of the slats, the inventor himself states that they should be approximately one-third of their width spaced, and he acknowledged that the arrangement would not keep out all direct rays of sunlight. As these claims are thus restricted, the defendant's structure does not infringe.

In view of the expressed nature and purpose of the plaintiffs' slats or strips, the covers and pans of the defendant's structure are not the equivalent of such slats or strips. While each have the function to drain water, and to permit the circulation of air, the method by which this is obtained differs between the two. Thus, if the plaintiffs' structure was so constructed as to perform the functions of the defendant's structure, it would not be an awning, but a roof or deck.

Defendant constructs its awning under a license from Houseman, No. 20975. The application for this patent ran into interference in the patent office, No. 72322, and resulted in plaintiff being granted claims 3, 4 and 5 over Houseman. Plaintiff relies greatly upon this grant as a determination that the defendant's structure does infringe the Matthews patent. However, I am unable to follow this reasoning in view of the fact that the claims which were found to be those of the Matthews patent did not relate to covers and pans but to slats, and the very fact that the patent office after citing interference on a claim.

**6**

reading "slats" granted the patent to Houseman for claims reading "plates" and plates with upstanding and with depending flanges, is considered to support the finding I make from the evidence and examination of the models, that the covers and pans are not the equivalent of the Matthews slats. Furthermore, in these circumstances, the fact that defendant has a license or grant from Houseman is not controlling.

█ Regardless of the correct rule, as to whether the grant of a subsequent patent negatives the idea of infringement in general, certainly where an interference is cited, and certain claims are ruled to be interference, but other claims contained in the application are not so considered or determined, a strong presumption results that the claims allowed in the subsequent patent do not infringe the claims of the prior patent.

Matthews claims slats supported by battens, with the upper series of slats above the batten, and the lower placed under the batten. In defendant's structure, the pans are placed upon two steel cross-members, and the covers are attached to the pans. While the drainage feature is present in both structures, the means of drainage is different, and certainly a claim which calls for the idea of water draining down an inclined surface possesses no novelty.

What has been said disposes of the contention of the infringement of claims 9 and 10 of the Matthews patent so far as relates to the composition and construction of the roof surface. As to that portion of these claims asserted by the plaintiffs as valid and infringed which relate to the means of supporting the roof or end structures of the awning, this describes only a well-known and commonly used means for supporting or holding in place any structure extending from a wall, or without ground support. Furthermore, the flanged end structure of the defendant's awning is not in any way similar to the end structure of the Matthews awning.

I find that the defendant's structure does not infringe claims 3, 4, 5, 9 and 10 of the Matthews Letters Patent.

### Conclusions of Law

This court has jurisdiction of the parties and subject matter.

The defendant is entitled to judgment in its favor, together with costs, which may be presented upon notice.