## WYNNE v. ALUMINUM AWNING PRODUCTS CO.

No. 6522.

United States Court of Appeals Fourth Circuit.

Argued Jan. 13, 1953.

Decided Feb. 17, 1953.

Lawrence H. Cohn, St. Louis, Mo. (Devereaux F. McClatchey, Atlanta, Ga., on the brief), for appellant.

Roy L. Deal, Winston-Salem, N. C., (Fred S. Hutchins, John M. Minor and Deal, Hutchins & Minor, Winston-Salem, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit was brought by W. H. Wynne, Jr., the owner of the Houseman reissue patent No. 20,975 for metal awnings, against the Koolvent Metal Awning Company of Winston-Salem, N. C., to enjoin the defendant from using the plaintiff's

trade mark "Koolvent" after the license contract between them had expired, and to collect royalties payable by the defendant under the contract.

The defendant denied liability in its answer and filed a counterclaim against the plaintiff on the ground that when it entered into the license contract, it was not aware that litigation was pending between Wynne, as the owner of the Houseman patent, and one Matthews, the owner of reissue patent No. 21,053 which also related to metal awnings; and that when it learned the true situation the plaintiff encouraged it to continue the manufacture of awnings under the Houseman patent and agreed that any damages and expenses the defendant might incur in defending its right to manufacture awnings under the license should be credited against the royalties due under the license agreement, the matter to be adjusted at the termination of the litigation; and that as a result of a suit brought by Matthews against the defendant it was determined that the Matthews patent was senior to the Houseman patent and that the defendant had infringed the Matthews patent; and that in this litigation the defendant incurred damages and expenses in an amount greatly in excess of the royalties due under the license agreement.

Since the defendant corporation, shortly after the instant suit was instituted and judgment was rendered, abandoned the use of the trade mark "Koolvent" and amended its charter so as to change its corporate name to Aluminum Awnings Products Company, the judge found that there was no danger that it would continue to use the trade mark and therefore no injunction was necessary. In view of the circumstances of the case as herein outlined, we think that this conclusion was correct and requires no further consideration.

With respect to the agreement on which the counterclaim was based, the District Judge found that in January or February, 1948, when the parties to the license agreement apprehended that the defendant would be sued for infringement of the Matthews patent, they entered into an oral agreement that the plaintiff would credit against the defendant's royalty payments the amounts of damages and expenses that the defendant might incur from the infringement of the Matthews patent. The judge further found that the defendant had incurred royalties under the Houseman patent in the sum of $5,067.50, during the license period, of which it had paid to the plaintiff the sum of. $2,996.16, leaving a balance of $2,071.34, which the plaintiff now claims;[1] but that the defendant in defense of the Matthews suit had incurred damages and expense in the sum of $7,440.87, and that under the agreement of 1948 between the parties to the suit the defendant was not entitled to recover the full amount of the damages and expenses of the Matthews litigation but only so much thereof as would offset its obligation to pay royalties to the plaintiff.[2] Judgment for the plaintiff for the balance of the royalties due in the sum of $2,071.34 was therefore denied and judgment was entered in favor of the defendant upon its counterclaim in the sum of $2,996.16.

In our opinion this judgment was correct both as to the fact of the oral agreement and as to the interpretation thereof. With respect to the formation of the agreement between the parties in January or February, 1948, the defendant offered testimony tending to show that the license agreement between the parties under the Houseman patent was signed on August 24, 1946 after the District Court of the Northern District of Georgia had decided in favor of the Houseman patent in Matthews v. Koolvent Metal Awning Co., D.C., 60 F.Supp. 3, but before that decision was reversed on November 23, 1946 in Matthews v. Koolvent Metal Awning Co., 5 Cir., 158 F.2d 37; that the defendant set up its factory and proceeded to sell awnings under its license in the spring of 1947 without knowledge of the reversal of the Georgia de-

---

1. The amount claimed in the suit originally instituted was $6,085.89.

2. The Matthews patent was held to be valid and infringed by the defendant in Matthews v. Allen, 4 Cir., 182 F.2d 824.

**132**

cision; that about this time Wynne made a settlement with the Matthews interests and agreed to pay royalties under the Matthews patent and to recognize its validity and to refrain from encouraging or assisting others to contest its validity; that about this time the defendant was notified of infringement of the Matthews patent but continued to manufacture under its license from Wynne, being encouraged by Wynne in the hope that the infringement of the Matthews patent might be avoided by a modification of the Koolvent structure, and having entered into the oral agreement with Wynne, as above set out. The evidence also tended to show that Wynne was unwilling to put the oral agreement of January or February, 1948 in writing because of his agreement with the Matthews interests and the restraining order issued against him by the Georgia court.

The defendant's testimony as to the oral agreement was supported by the testimony of another licensee of Wynne who was present when the agreement was made and by a letter of Wynne of August 9, 1948 in which Wynne stated that the litigation between Matthews and the defendant did not affect the payment of royalties to Wynne until and unless the Matthews interests should get judgment against the defendant, and then only to the extent that the parties had previously discussed. .

Wynne on his part denied that he had at any time offered or agreed to waive or credit royalties due him under the existing contract and that his commitments were made solely with respect to a renewal contract between him and the defendant which would come up for discussion in the latter part of 1949. There was also testimony of an associate of the defendant, who was under some business obligations to the plaintiff, to the effect that the defendant had greater knowledge of the patent litigation between Matthews and Wynne than the defendant had testified.

It is, however, obvious that the controversy between the parties on the subject of the oral agreement of 1948 merely involves an issue of fact which the District Judge was well qualified to determine since he rendered the decision in the District Court in Matthews v. Koolvent Metal Awning Company which was before this court in 182 F.2d 824. Consequently we find no occasion to disturb his holdings in respect to the existence and terms of the agreement.

We are also in accord with the holding that the oral agreement between the parties did not entitle the defendant to recover the entire amount of its expenses and costs in the Matthews suit as the defendant originally contended, but only entitled it to use those expenses to the extent that they were necessary to offset its obligations under its license contract with Wynne.

Affirmed.